IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MARK EDWARD BOLLES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:12-CV-19 |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION TO DENY
PETITIONER'S RULE 60(b) MOTION FOR RELIEF FROM JUDGEMENT**

Petitioner MARK EDWARD BOLLES has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The motion's heading states, "In the United States District Court for the Northern District of Texas Amarillo Division." However, the motion states it is directed to the Fifth Circuit Court of Appeals. Petitioner also filed the motion in the Fifth Circuit in *Bolles v. Stephens*, No. 15-10397, and on July 7, 2015, it was docketed in that Court as a motion for reconsideration of that Court's June 16, 2015 order dismissing the appeal for lack of jurisdiction. Petitioner's cover letter for the motion filed in this Court states he is filing the motion in the Fifth Circuit and in this Court because he is unsure which Court has jurisdiction.

This Court denied petitioner's 28 U.S.C. § 2254 habeas corpus petition on March 23, 2015. Petitioner's notice of appeal was due April 22, 2015. His notice of appeal was dated April 26, 2015, and the Fifth Circuit dismissed the appeal as untimely. *Bolles v. Stephens*, No. 15-10397 (5th Cir. June 16, 2016).

Petitioner's motion relies on Federal Rule of Civil Procedure 60(b) to seek an out-of-time appeal. Petitioner contends he is entitled to Rule 60(b) relief because of physical health problems, psychiatric issues, nutritional deficiencies, and the denial of access to the law library. Additionally, petitioner states he mistakenly thought he was entitled to mail the notice of appeal three (3) days <u>after</u> the appellate deadline as compensation for the time it took for this Court's March 23, 2015 order to be delivered to him.

To the extent petitioner asks this Court to reconsider the Fifth Circuit's order, petitioner's motion in this Court should be DENIED for lack of authority. Any request for reconsideration of the Fifth Circuit's order dismissing the appeal is a matter for the Fifth Circuit, and not this Court, to decide.

To the extent petitioner seeks relief from this Court's March 23, 2015 order denying the petition for writ of habeas corpus so petitioner may timely appeal, the motion should be DENIED. A Rule 60(b) motion cannot be used to circumvent the rules for a timely appeal. *Perez v. Stephens*, 745 F.3d 174, 178-81 (5th Cir. 2014); *Dunn v. Cockrell*, 302 F.3d 491, 492-94 (5th Cir. 2002).

Petitioner has not presented a meritorious Rule 60(b) motion and it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b) be DENIED.

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   28th   day of September 2015.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *  <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).